UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JETSTREAM OF HOUSTON, l..L.P., D/B/A FS SOLUTIONS | CIVIL ACTION NO. 15-2559 |
| VERSUS | JUDGE DOHERTY |
| CAJUN PRESSURE CONTROL, L.L.P. AND KEITH DUHON | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION ON MOTION DEFAULT JUDGMENT

Pending before the undersigned for report and recommendation is Jetstream of Houston, L.L.P., d/b/a FS Solutions' ("FS Solutions") Motion for Default Judgment Against Defendant Cajun Pressure Control, LLC ("Cajun"), filed on February 16, 2016. [rec. doc. 10].  No opposition has been filed, and the deadline for filing opposition has expired.[1]

For the following reasons, it is recommended that the motion be **GRANTED**.

### I. Background

FS Solutions brought this Complaint for recovery of rental charges, interest, and attorney's fees pursuant to rental agreements, a personal guarantee and Louisiana's Open Account Statute, LA. REV. STAT. 9:2781, seeking judgment against Cajun in the amount

---

[1] LR 7.5W provides that opposition shall be filed within twenty-one (21) days after service of the motion.

of one hundred seventeen thousand five hundred dollars and 61 cents ($117,500.61) (the "invoice amount"), plus contractual interest in the amount of $4,445.68, and equipment damage in the amount of $8,146.52.

FS Solutions is a Texas Limited Liability Partnership owned by Federal Merger Corporation, an Illinois and Delaware Corporation, and Jetstream of Houston, Inc., a Texas and Delaware Corporation with its principal place of business in Houston, Texas. Cajun is a Louisiana Limited Liability Company, domiciled in Abbeville, Louisiana. Cajun's members are Christine Labit ("Labit") and Cortney Duhon, who are residents of Vermillion Parish in the State of Louisiana. Keith Duhon ("Duhon") was the authorized agent for Cajun and was a resident of Vermillion Parish. [2]

Cajun executed an Application for Credit with Federal Signal Corporation and its subsidiary companies, which include Jetstream (FS Solutions). [Complaint, ¶ 8; rec. doc. 10, Exhibit 1 to Affidavit of Daniel A. DuPré]. Keith Duhon,, executed a Personal Guarantee and Application for Credit on behalf of Cajun on October 24, 2014. [Complaint, ¶ 8; rec. doc. 10, Exhibit 1 to Affidavit of Daniel A. DuPré].

Pursuant to the Terms of the Personal Guarantee and Application for Credit, Cajun agreed to payment terms as net thirty (30) days from the date of invoice, and to pay all costs of collecting past due items, including attorney's fees. [Complaint, ¶ 10]. Under the terms of the Personal Guarantee and Application for Credit, Duhon personally

---

[2] FS Solutions indicates that Duhon passed away on December 5, 2015, and the estate has not been opened. [rec. doc. 10, p. 1; rec. doc. 10, Exhibit 1, Affidavit of Travis Trahan].

guaranteed "payment in full, without reservation, of all past, present and future accounts" incurred by Cajun. [Complaint, ¶ 11; rec. doc. 10, Exhibit 1 to Affidavit of Daniel A. DuPré]].

FS Solutions provided materials and rental equipment on Open Account to Cajun for its use. [Complaint, ¶ 12]. The rental equipment includes rental charges for unit numbers 1405 and 1406. The invoices provided for an interest charge of 1 ½% per month, to be assessed if net payment was not received pursuant to the terms.

The terms and conditions of the rental provide that rental charges begin on the date and hour of rental and continue without interruption until the equipment and all components were returned. [Complaint, ¶ 14]. Cajun did not return the equipment until September 4, 2015. Cajun caused damage to the equipment totaling $8,146.52.

FS Solutions communicated with Cajun and Duhon regarding the outstanding balance. [Complaint, ¶ 17]. They did not, however, make any payments on their account.

On October 21, 2015, FS Solutions brought a suit on open account against Cajun asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Cajun was personally served with the summons and Complaint through its registered agent for service, Labit, on January 7, 2016. [rec. doc. 10, Exhibit 1, Affidavit of Travis Trahan ¶ 4 and Exhibit A]. Cajun did not file an answer or other responsive pleading.

On January 29, 2016, FS Solutions filed a Motion for Entry of Default Judgment against Cajun. [rec. doc. 8]. On January 29, 2016, the Clerk of Court issued a Notice of Entry of Default. [rec. doc. 9].

On February 16, 2016, FS Solutions filed the instant motion for default judgment against Cajun. [rec. doc. 10]. Cajun has not filed a response.

## II. Analysis

Rule 55 of the Federal Rules of Civil Procedure provides as follows:

**(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**
***
**(2) By the Court**. . . . [T]he party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;

**(B)** determine the amount of damages;

**(C)** establish the truth of any allegation by evidence; or

**(D)** investigate any other matter.

Under Federal Rule of Civil Procedure 55(b), the court may enter a default against a party if it fails to plead or otherwise respond to the plaintiff's complaint within the

4

required time period.  A plaintiff who seeks a default judgment must first petition the court for the entry of default and show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *Meyer v. Bayles*, 559 F. App'x. 312, at *313 (5th Cir. 2014) (*citing Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

The record reflects that FS Solutions filed a Complaint in this Court on October 21, 2015.  Cajun was personally served with the summons and Complaint through its registered agent for service, Labit, on January 7, 2016.  To date, Cajun has not answered or otherwise responded to the Complaint.

On January 29, 2016, FS Solutions filed a Motion for Entry of Default Judgment against Cajun.  On January 29, 2016, the Clerk of Court issued a Notice of Entry of Default.  Under Local Rule 55.1,C. "[a] judgment of default shall not be entered until 14 calendar days after entry of default."  FS Solutions filed the instant motion for default judgment against Cajun on February 16, 2016, which was after the prescribed time period.

FS Solutions asserts that it is entitled to a default judgment against Cajun even though Duhon is now deceased.  Federal Rule of Civil Procedure 54(b) provides that

"when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  No precise test exists for determining whether there is a just reason to delay the entry of judgment that can be satisfactorily or easily applied in every case. 10 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 2659 (3d ed. (updated April 2015)).

Rule 54(b) confers on the trial judge a wide range of discretion in deciding whether there is no just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980) (*citing Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956)).  Thus, the court "should feel free to consider any factor that seems relevant to a particular action." *Arimizu v. Fin. Sec. Ins. Co., Inc.*, 5 Haw.App. 106, 113, 679 P.2d 627, 633-34 (1984) (*citing Wright, Miller & Kane* § 2659 at 101).

In this case, the undersigned finds that no just reason exists to delay the entry of judgment against Cajun.  Duhon passed away on December 5, 2015, and the estate has not been opened.  [rec. doc. 10, p. 1; rec. doc. 10, Exhibit 1, Affidavit of Travis Trahan]. In its Complaint, FS alleges that Duhon was the personal guarantor for the Cajun account and, as such, Duhon and Cajun were liable to FS *in solido.*  Thus, the death of Duhon does not affect the debt owed by Cajun and there is no reason to delay judgment for FS Solutions against Cajun.

In the Complaint, FS Solutions seeks recovery of rental charges, interest, and attorney's fees pursuant to rental agreements, the personal guarantee and Louisiana's Open Account Statute, LA. REV. STAT. 9:2781.

Louisiana's open account statute, La. R.S. § 9:2781, provides, in pertinent part, as follows:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

Damages for a default judgment must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Here, FS Solutions alleged that it was entitled to a judgment against Cajun in the amount of $117,500.61, plus contractual interest in the amount of $4,445.68, and equipment damage in the amount of $8,146.52. This amount is verified by the Affidavit

of Daniel A. DuPré, Deputy General Counsel of FS Solutions, and the attached invoices. [rec. doc.10, Exhibit 3, Affidavit; Exhibit 1 to Affidavit of Daniel A. DuPré].

FS Solutions issued the following invoices to Cajun for payment for these materials and rental equipment: (1) No. 5896388, dated October 31, 2014, for $1,633.89; (2) No. 6095695, dated August 4, 2015, for $6,817.04 (3) No. 6095696, dated August 4, 2015, for $7,141.79; (4) No. 6095697, dated August 4, 2015, for $7,141.79; (5) No. 6095698, dated August 4, 2015, for $7,141.79; (6) No. 6095699, dated August 4, 2015, for $7,141.79; (7) No. 6105982, dated August 17, 2015, for $7,141.79; (8) No. 6129897, dated September 21, 2015, in the amount of $10,285.15 ($7,141.79 in actual fees – other for damages); (9) No. 6095700, dated August 4, 2015, for $7,141.79; (10) No. 6095701, dated August 4, 2015, for $11,811.43; (11) No. 6095702, dated August 4, 2015, for $11,811.43; (12) No. 6095703, dated August 4, 2015, for $11,811.43; (13) No. 6095704, dated August 4, 2015, for $11,811.43; (14) No. 6113998, dated August 27, 2015, for $11,811.43, and (15) No. 6134612, dated September 23, 2015, for $3,788,92 (damages only). [rec. doc. 10, Exhibit 2]. Cajun provided no payment to FS Solutions on any of the aforesaid invoices which total the sum of $117,500.61.

Damages to the equipment, which was returned on September 4, 2015, totaled $8,146.52. [rec. doc. 10, Exhibit 3, ¶ 12]. To date, FS Solutions has incurred attorney's fees in the amount of $8,118.00 and costs in the amount of $1,218.67, for a total of $9,336.67. [rec. doc. 10, Exhibit 3, ¶ 14].

Louisiana's Open Account law provides for an award of reasonable attorney's fees for the prosecution and collection of a claim when judgment on the claim is rendered in favor of the claimant. La. R.S. § 9:2781(A). Thus, an award of attorney's fees is appropriate in this case.

Importantly, "[d]istrict courts are vested with great discretion in arriving at an award of attorneys' fees." *ORX Resources, Inc. v. MBW Exploration, L.L.C.*, 2009-0662, 2009-0859; 32 So.3d 931, 938 (La. App. 4 Cir. 2/10/10). However, under Louisiana law, the trial court must award a reasonable fee commensurate with the required level of legal services performed. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 690 (5th Cir. 1991). Moreover, in evaluating a motion for attorney's fees, the court must consider the entire record, including discovery, pretrial motions, the number and complexity of the legal issues involved, and the length of trial, if applicable. *Richardson v. Parish of Jefferson*, 98-625; 727 So.2d 705, 707 (La. App. 5 Cir. 2/10/99) ("A reasonable attorney's fee is determined by the facts of an individual case.").

FS Solutions sued to recover the unpaid balance of an open account, alleging that it was entitled to a judgment against Cajun in the amount of $117,500.61, plus contractual interest in the amount of $4,445.68, and equipment damage in the amount of $8,146.52. Plaintiff filed affidavits, copies of contracts and invoices showing that it was entitled to the amount requested.

In support of its claim for attorneys fees, FS Solutions submitted the Affidavit of Stephen Wolf ("Wolf"), Chief Operating Officer of Deutsch, Kerrigan, LLP. [rec. doc. 10, Exhibit 2]. Wolf indicates that as of January 28, 2016, the attorney's fees incurred in this matter total $8,118.00. While this case presented a simple collection matter on unpaid invoices, FS Solutions' counsel has shown that he is entitled judgment for his client.

Having considered the foregoing facts in light of the factors articulated by Louisiana's state courts, the undersigned concludes that attorney's fees claimed in this matter are reasonable. The Court notes that Louisiana courts have routinely upheld 25% attorney's fees as reasonable in open account cases. *See, e.g.*, *Midland Funding, LLC v. Urrutia*, 13-459 (La. App. 5 Cir. 12/19/13); 131 So.3d 474, 475; *Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, 432 So.2d 419, 422 (La. App. 1 Cir. 1983); *Dyna Intern. Corp. v. Mashburn*, 397 So.2d 1080, 1082 (La. App. 4 Cir. 1981); *Monlezun v. Fontenot*, 379 So.2d 43, 46 (La. App. 3 Cir.1979). In this case, the amount sought is far less than 25% of the judgment. Given the results obtained in this case, the undersigned finds that an award of attorneys fees in the amount of $8,118.00 is reasonable.

In addition to attorney's fees, FS Solutions seeks an award of $1,218.67 in costs associated with proving its case, which is supported by Wolf's affidavit. Thus, the

undersigned finds that FS Solutions should be awarded FS Solutions the sum of $1,218.67 in costs and expenses.

FS Solutions has submitted the requisite evidence supporting its claim for materials and rental equipment costs. Cajun has had more than ample opportunity to pay this invoice, but has neither paid it nor responded to this lawsuit. Accordingly, I find that a default judgment should be entered.

### III. Conclusion

Accordingly, **IT IS RECOMMENDED** that the motion for default judgment be **GRANTED**, and that FS Solutions be entitled the sum of $117,500.61, plus contractual interest in the amount of $4,445.68 and equipment damage in the amount of $8,146.52, plus costs in the amount of $1,218.67 and attorney's fees in the amount of $8,118.00, for a total of $139,429.48.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS**

**REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed this 14th day of April, 2016, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

13